UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable Michael E. Romero

| | |
|---|---|
| In re: ) | |
| ) | Case No. 10-17768-MER |
| RUSSELL D. SUTHERLAND ) | |
| SSN / ITIN: xxx-xx-6242 ) | Chapter 11 |
| ) | |
| Debtor. ) | |

**ORDER**

      THIS MATTER is before the Court on the *Order Denying Amended Motion Pursuant to 11 U.S.C. § 1125(f)(1) and Order to Show Cause Why this Case Should Not Be Dismissed or Converted for Failure to Comply with Time Frames in 11 U.S.C. § 1121(e)(2)* (the "Order to Show Cause")[1] issued by the Court on April 14, 2011 and the Debtor's response filed on April 29, 2011.

      The Debtor requests this Court decline to dismiss or convert this case and treat the *Debtor's Plan of Reorganization, Dated February 11, 2011* as timely filed pursuant to the 300-day deadline in § 1121(e)(2). That plan was filed 311 days after the petition date and 254 days after the conversion date.[2] Section 1121(e)(2) requires "the plan and a disclosure statement (if any) shall be filed not later than 300 days after the date of the order for relief."

      The Debtor asks the Court to use its powers under § 105 because § 1121(e)(2) and (3) do not address any penalty for not following the statute, the statute is confusing and the commentary to L.B.R. 3017-2 does not provide sufficient information. In its Order to Show Cause, the Court provided a response deadline of April 29, 2011, for the United States Trustee and any creditor or party in interest to respond to the Order to Show Cause. No responses, other than the Debtor's, were filed.

---

      [1] The procedural history of this case is set forth in the Order to Show Cause and is hereby incorporated in this Order. Unless otherwise specified, all future statutory references in the text are to Title 11 of the United States Code.

      [2] Further, on February 25, 2011, the Court ordered the February 11, 2011 Plan "stricken" because the Plan was deficient and the Debtor failed to comply with L.B.R. 3017-2. See Order issued February 25, 2011 (Docket #80).

As previously noted in the Order to Show Cause, courts have described the 300-day deadline as a "drop dead" provision.[3] Further, as noted by the Bankruptcy Court in *Sanchez*:

> There are no provisions in BAPCPA that define the consequences if neither the debtor nor any other party meets these filing deadlines. However, it has been established that "cause" would exist for conversion or dismissal of the case under 11 U.S.C. § 1112(b)(4)(J) on the ground of failure to file or confirm a plan within any time fixed statute or by the court. *In re Western Steel & Metals, Inc.*, 200 B.R. 873 (1996). If no party files a plan within the specified or extended time, then no relief is available to the debtor in Chapter 11.[4]

"[T]he time provisions of § 1121(e) are an integral part of the statutory scheme regarding small businesses and reflect, not only in the legislative history but in the language of the provision itself, Congressional intent that plan filing time limits be strictly followed."[5] The Debtor has not provided any persuasive argument or contrary case law that would persuade this Court to decline to dismiss the case. Cause exist under § 1112(b)(4)(J) based on the Debtor's "failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court." Accordingly it is,

ORDERED the Chapter 11 case of Russell D. Sutherland 10-17768-MER is DISMISSED pursuant to §§ 1112 and 1121(e).

Dated: May 25, 2011.                    BY THE COURT:

                                        Michael E. Romero
                                        U.S. Bankruptcy Judge

---

[3] See *In re Castle Horizon Real Estate, LLC*, 2010 WL 3636160, *2 (Bankr. E.D. N.C. 2010) where the case was dismissed due to the debtor's failure to comply with 300-day deadline. The Bankruptcy Court stated:

> [T]he 300–day deadline is a "drop dead" provision to limit the amount of time for filing plans. The timing requirements of § 1121(e) reflect "Congressional intent that plan filing time limits be strictly followed," *In re Win Trucking*, 236 B.R. 774, 778 (Bankr. D. Utah, 1999), and are "a clear example of Congress' attempt to keep small business cases on a short leash." *In re Sanchez*, 429 B.R. at 398. Small business debtors cannot file any plan in order to remove the 300–day deadline in § 1121(e)(2) and carry on the confirmation process beyond 300 days from the order for relief.

*In re Castle Horizon Real Estate, LLC*, 2010 WL 3636160, *2.

[4] *In re Sanchez*, 429 B.R. 393,398 (Bankr. D. Puerto Rico 2010).

[5] *In re Win Trucking, Inc.*, 236 B.R. 774, 778 (Bankr. D. Utah 1999).